1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

7

BAYVIEW LOAN SERVICING, LLC,

Case No. 2:14-CV-1875 JCM (GWF)

8

Plaintiff(s),

ORDER

9

v.

10

SFR INVESTMENTS POOL 1, LLC, et al.,

11

Defendant(s).

12
13

Presently before the court is defendant Nevada Association Services, Inc.'s ("NAS")

14

motion to dismiss plaintiff's complaint for quiet title with prejudice. (Doc. # 13). Defendant

15

Buena Vista Homeowners Association ("Buena Vista HOA") joined NAS's motion. (Doc. # 21).

16

Plaintiff Bayview Loan Servicing, LLC ("Bayview") filed an opposition (doc. # 22), and defendant

17

NAS filed a reply (doc. # 25).

18

**I.      Background**

19

This is a mortgage foreclosure related action regarding the real property located at 7617

20

Amato Avenue, Las Vegas, Nevada 89128.  On or about May 19, 2009, Christina Montaruli

21

executed and delivered to Bank of America, N.A. a note evidencing a $159,890 loan to her.  (Doc.

22

# 1 at 2).  The loan was insured by the U.S. Federal Housing Administration ("FHA") through the

23

secretary of Housing and Urban Development ("HUD").  (*Id.*).  As a part of the same transaction,

24

Montaruli executed and delivered to BANA the deed of trust.  (*Id.*).  The deed was recorded with

25

the Clark County Recorder's Office on June 1, 2009.  (*Id.*; exh. 1).

26

Beneficial interest in the deed of trust was assigned, in chronological order, to: Bank of

27

America, N.A.; Successor by Merger to BAC Home Loans Servicing; LP FKA Countrywide Home

28

**James C. Mahan**
**U.S. District Judge**

1  Loans Servicing; Bayview; the secretary of HUD; and Bayview, again.  (Doc. # 1 at 3).  Bayview

2  currently holds the beneficial interest in the deed of trust. (*Id.*).

3     On or about August 10, 2012, through its trustee, NAS, Buena Vista HOA conducted a

4  foreclosure sale of the property.  (*Id.*).  SFR Investments ("SFR") was the highest bidder at the

5  sale, with a winning bid of $7,000.  (*Id.*).  Plaintiff alleges that, at the time of the foreclosure sale,

6  the fair-market value of the property exceeded $87,000.  (*Id.*).  SFR is the current title owner of

7  the property pursuant to the foreclosure deed.  (*Id.*).

8     On July 9, 2014, SFR filed a complaint in Nevada state court for quiet title and declaratory

9  and injunctive relief against plaintiff and Christina Montaruli. (*Id.*).  SFR argued that it owns the

10  property free and clear and that plaintiff's security interest in the property was extinguished at the

11  foreclosure sale.  (*Id.* at 4).

12     On September 3, 2014, SFR and Christina Montaruli filed a stipulation and order to dismiss

13  Christina Montaruli from the state court litigation, which the court subsequently entered.  (*Id.*).

14  On October 16, 2014, SFR filed a voluntary dismissal of Bayview, the lone remaining defendant,

15  from the state court case.  (*Id.*).  The case is now closed.  (*Id.*).

16     Plaintiff initiated the instant action against defendants SFR; Christina Montaruli; and

17  Buena Vista HOA, seeking to quiet title.  In sum, SFR asserts plaintiff's security interest in the

18  property was extinguished by the foreclosure sale, while plaintiff maintains that its security interest

19  in the property was not extinguished by the foreclosure sale.

20     Plaintiff alleges that a mortgage interest in real property, such as its insured security interest

21  in the property at issue, is federal property protected by the United States Constitution.  Plaintiff

22  asks the court to declare the foreclosure sale void ab initio, with no legal effect or consequence,

23  for violating both the contracts clause and the supremacy clause of the United States Constitution.

24  (Doc. # 1 at 5).

25     NAS moves to dismiss plaintiff's complaint for quiet title.  Buena Vista HOA joined NAS's

26  motion.

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true

**James C. Mahan**
**U.S. District Judge**

1  must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing

2  party to be subjected to the expense of discovery and continued litigation." *Id.*

3  **III.   Discussion**

4  Under Nevada law, "[a]n action may be brought by any person against another who claims

5  an estate or interest in real property, adverse to the person bringing the action for the purpose of

6  determining such adverse claim."  NRS 40.010.  "A plea to quiet title does not require any

7  particular elements, but 'each party must plead and prove his or her own claim to the property in

8  question' and a 'plaintiff's right to relief therefore depends on superiority of title.'"  *Chapman v.*

9  *Deutsche Bank Nat'l Trust Co.,* 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas,* 973

10  F.2d 803, 808 (9th Cir.1992)).

11  Defendants NAS and Buena Vista HOA assert that plaintiff admitted in its complaint that

12  the property was sold by NAS as a foreclosure agent for Buena Vista HOA on August 10, 2012,

13  and a foreclosure deed was recorded as to the new owner on September 7, 2012.  Defendants assert

14  that they do not have a current adverse interest in the property as required by NRS 40.010, and

15  asK the court to dismiss them from this action.

16  Plaintiff asserts that NAS has a current interest in the property because it is still the trustee

17  of record and agent for Buena Vista HOA.  Plaintiff asserts that Buena Vista has a current interest

18  in the property because it is the homeowner's association that generally manages and maintains

19  the common-area amenities where the property is located, and because it was the agent that

20  directed NAS to conduct the foreclosure sale Bayview is attempting to void.

21  The court finds that plaintiff's quiet title claim must be dismissed as to defendants NAS

22  and Buena Vista HOA, since neither party asserts an adverse interest in the property.  *See* NRS

23  40.010; *Anthony v. Todd*, No. 3:14-cv-00649-RCJ, 2015 WL 1334375, at *5 (D. Nev. Mar. 25,

24  2015) (dismissing quiet title claim against defendants who did not assert an adverse interest in the

25  subject property).

26  . . .

27  . . .

28  . . .

James C. Mahan
U.S. District Judge

- 4 -

1    Accordingly,

2          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Nevada

3    Association Services, Inc.'s motion to dismiss plaintiff's complaint for quiet title with prejudice

4    (doc. # 13), joined by defendant Buena Vista Homeowners Association (doc. # 21), be, and the

5    same hereby is, GRANTED.

6          DATED May 1, 2015.

7

8                                                    _____
                                                     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge                                          - 5 -