UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC, | Case No. 2:14-CV-1875 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff and counterdefendant Bayview Loan Servicing, LLC's ("Bayview") motion to dismiss its own claims against defendant and counterclaimant SFR Investments Pool 1, LLC ("SFR") and substitute Bank of America, N.A. ("BANA") as counterdefendant. (ECF No. 75). SFR did not file a response.

Bayview initially commenced this action to quiet title for property located at 7617 Amato Avenue, Las Vegas, Nevada 89128 ("the property") against SFR. (*Id.* at 2). SFR filed an answer to the complaint as well as a counterclaim against Bayview. (ECF No. 41). Since that time, Bayview has assigned its interest in the property to BANA by an assignment of deed of trust dated August 24, 2015, and recorded the assignment in the Office of the Clark County Recorder on August 31, 2015, as Instrument No. 20150831-0000299. (ECF No. 75 at 2). Accordingly, Bayview no longer claims any right, title, or interest in the property. (*Id.*). Thus, on October 29, 2015, BANA filed a motion to intervene pursuant to Federal Rules of Civil Procedure 25(c) (ECF No. 76), which the court granted. (ECF No. 78).

Bayview asserts that it no longer claims any right, title, or interest in the property, and is therefore no longer the appropriate party to prosecute a quiet title claim related to the property.

**James C. Mahan**
**U.S. District Judge**

(ECF No. 75 at 5). *See* FRCP 17(a). Bayview further argues that substituting BANA as the counterdefendant will not destroy this court's diversity jurisdiction. (*Id.*).

A response to Bayview's motion was due by November 15, 2015. No response has been filed. Nevada LR 7-2 provides in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. NEV. R. LR 7-2.

FRCP 41(a)(2) further provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."

Therefore, because SFR has filed no response in opposition to Bayview's motion and because dismissing Bayview's underlying claim and substituting BANA as counterdefendant will not destroy this court's diversity jurisdiction over this case, Bayview's motion is granted.

IT IS ORDERED, ADJUDGED AND DECREED that Bayview's motion to dismiss and substitute (ECF No. 75) is GRANTED.

IT IS FURTHER ORDERED that plaintiff Bayview Loan Servicing, LLC's complaint (ECF No. 1) be, and the same hereby is, DISMISSED without prejudice.

IT IS FURTHER ORDERED that Bank of America, N.A. be substituted in place of Bayview Loan Servicing, LLC as the real party in interest with respect to SFR Investments Pool 1, LLC's counterclaim, and that the case caption be amended accordingly.

DATED June 29, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -