UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BAYVIEW LOAN SERVICING, LLC,          )
                 Plaintiff,          )    Case No. 2:14-cv-01875-JCM-GWF
                                   )
vs.                                 )    **ORDER**
SFR INVESTMENTS POOL 1, LLC, et al.,     )
                 Defendants.       )

This matter is before the Court on SFR's Emergency Motion to Stay Briefing and/or Litigation (ECF No. 120), filed on September 22, 2016. Claimant in Intervention, Bank of America ("BANA") filed an Opposition (ECF No. 121) on October 20, 2016.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. A district court's decision to grant or deny a

*Landis* stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

SFR requests that the Court enter a stay of the entirety of this litigation pending the issuance of the mandate in *Bourne Valley Court Trust v. Wells Fargo Bank*, 2016 WL 4254983 (9th Cir. Aug. 12, 2016). SFR argues that "the Ninth Circuit's ultimate resolution of this issue may have a dispositive effect upon this litigation, since a due process challenge has been raised." *Motion* (ECF No. 120), 3:14-16. BANA, however, argues that litigation should not be stayed pending the issuance of the mandate because "BANA's pending motion for summary judgment does *not* rise and fall with *Bourne Valley*." *Opposition* (ECF No. 121), 2:5-6 (Emphasis in original). Weighing the above *Landis* factors and the parties' arguments, the Court finds that a partial stay of litigation is warranted here. Specifically, the Court will stay litigation as to the issues directly dependent upon the outcome of *Bourne Valley*. If these issues were not stayed, a delay could result from any motions for reconsideration that may become necessary if the current decision in *Bourne Valley* is overturned. This delay outweighs the potential *de minimis* harm to the parties if they are required to wait longer for a resolution of this case if it is stayed. However, the Court finds that the remainder of the issues involved in this litigation shall continue in the normal course. Accordingly,

**IT IS HEREBY ORDERED** that SFR's Emergency Motion to Stay Briefing and/or Litigation (ECF No. 120) is **granted**, in part, and **denied**, in part. A stay is granted as to the issues directly dependent on the outcome of *Bourne Valley*. However, a stay is denied as to litigation of all other issues.

DATED this 27th day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge